BAXTER *v.* BAXTER.

CANCELLATION OF INSTRUMENTS—DEEDS—FRAUD—BURDEN OF PROOF.
In a suit by a daughter to set aside a quitclaim deed from her to her father, on the ground of fraud, evidence by plaintiff, *held,* insufficient to sustain the burden of proof upon her with respect to her allegations of fraud.

Appeal from Genesee; Brennan (Fred W.), J. Submitted January 15, 1929. (Docket No. 113, Calendar No. 34,078.) Decided February 1, 1929.

Bill by Roland C. Baxter, Iva Thompson Morse, and another against Alfred E. Baxter and another to set aside a deed. From a decree for plaintiff Morse, defendants appeal. Reversed and bill dismissed.

*Gault & Parker,* for plaintiff Iva Thompson Morse.

*Spears & Chesnut,* for defendants.

CLARK, J. Plaintiffs Roland C. Baxter and Iva Thompson Morse are son and daughter of defendant Alfred E. Baxter, by his first wife. Hattie M. Baxter, the other defendant, is the second wife. The first Mrs. Baxter died having record title to a piece of land. Although defendant Alfred E. Baxter contended that the equitable title, by virtue of certain lost and unrecorded deeds, was held by the husband and wife as tenants by the entireties, and that upon her death he survived, equitably, to the whole title, he was advised, to perfect record title, to procure a deed from the children, plaintiffs, which he did on January 12, 1927. This bill is to set aside such deed on the ground of fraud. The son came to an understanding with the father and dropped out of this case a few days after the bill was filed. The daughter prosecuted the matter to hearing and had decree, from which defendants have appealed.

Plaintiff, the daughter, testified that she signed a "paper" to help the father out, to save him money; that she did not know it to be a quitclaim deed; that she did not look at the paper; that her sight was good, and that if she had looked at it she probably would have known what it was. However, she made in testimony the significant and contradictory statement that her father first approached her "with

reference to a quitclaim deed in December, 1926." She was the only witness in her behalf. The defendants gave consistent and convincing testimony to the effect that no fraud was practiced toward the daughter. Such plaintiff has not sustained the burden of proof upon her with respect to her allegations of fraud.

Reversed and bill dismissed. Costs to defendants.

NORTH, C. J., and FEAD, FELLOWS, WIEST, McDONALD, POTTER, and SHARPE, JJ., concurred.